Doe, on the Demise of Helm, *v.* Newland and Another.

*A.* obtained judgment against *B.* on a note, and purchased, at the sheriff's sale under the judgment, a tract of land which *B.*, after the date of the note and before the judgment, had conveyed to *C.* *A.* brought an action of ejectment for the land against *C.*, and the question was, whether *B.*'s deed to *C.* was fraudulent and void as to *A.* *Held*, that evidence of *B.*'s having stated, that the consideration of the deed to *C.* was a valuable one, was not admissible. *Held*, also, that the note on which the judgment was rendered, was admissible to show the existence of the debt before the date of the deed.

ERROR to the *Union* Circuit Court.—Ejectment. Plea, not guilty. Verdict and judgment for the defendants.

BLACKFORD, J.—This was an action of ejectment. On the trial of the cause, after the plaintiff had closed his testimony, the defendants introduced a deed of conveyance executed to them by their father, *Harrod Newland*, dated the 20th of *February*, 1826, for the premises in dispute. They offered a witness to prove, that the vendor had stated, in the defendants' presence, at the time the deed was executed, that it had been giv-

on upon a good and valuable consideration. This evidence was objected to, but was admitted by the Court. After this and some other similar testimony had been given by the defendants, the plaintiff, in order to show the deed to be fraudulent as to his lessor, offered to introduce, among other evidence, a promissory note, duly executed to him for 120 dollars, given by *Harrod Newland,* the grantor, and dated the 22d of *October,* 1822, which was long before the date of his deed to the defendants. The Court rejected this evidence on the ground "that it was the same note upon which the suit was brought, upon which the sheriff's sale took place, under which the plaintiff claimed title; and that the note was merged in the suit."

We have no doubt in this case. The question on the trial was, whether the deed to the defendants by their father, was fraudulent and void as to the plaintiff's lessor, in consequence of the grantor's being indebted to him at the date of the deed? To determine this question, it was important to ascertain what had been the consideration of the deed. The declarations of the grantor, however, proved by the defendants, that the consideration was a valuable one, should not have been admitted by the Court. The grantor himself, if not interested, would have been a good witness to prove the consideration and support the deed; but his previous declarations on the subject, were mere hearsay evidence. On the other hand, if the grantor was interested, the defendants could not introduce him, much less his previous declarations, to support the conveyance he had made to them. With respect to the other point, we are of opinion that the plaintiff, in attempting to prove the deed to be fraudulent as to his lessor, had a right to prove that the note to him by the grantor, which was offered in evidence, was in existence at the date of the deed. The judgment and sheriff's sale, mentioned by the Court below, could not possibly be any objection to the proof of the note, under the circumstances of the case.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Smith,* for the plaintiff.

*Dunn,* for the defendants.